UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WARREN NAU HIGGENS, JR.

Plaintiff,

v.

SUZANNE M. BORN, ASSISTANT DAKOTA COUNTY ATTORNEY JAMES M. CROW, DAKOTA COUNTY ATTORNEY JAMES BACKSTROM, DAKOTA COUNTY, DAKOTA COUNTY BOARD OF COMMISSIONER, DAKOTA COUNTY COMMUNITY SERVICES IV-D AGENCY, MIDWEST PATROL OFFICER RICHARD J. WRIGHT, MIDWEST PATROL, BRENDA STANSBURY, DELORIS DAGGETT, JACKIE DIRCKS, TERRY R. PAHL, PHILIP E. DALSETH, GEORGE A. BECK, CITY OF WEST ST. PAUL, SGT. SHAVER, LANA SUSAN HIGGINS, MARK CARTER, LAURA KADWELL, STATE OF MINNESOTA CHILD SUPPORT ENFORCEMENT DIVISION IV-D AGENCY, JESSE VENTURA, MIKE HATCH, CHARLES R. WEAVER, BRIAN LAMB, U.S. ATTORNEY B. TODD JONES, and U.S. ATTORNEY GENERAL JANET RENO,

Defendants.

Civil 00-37 (DWF/AJB)

**ORDER**

Plaintiff has filed a complaint alleging that Defendants have violated his legal rights during the course of a dispute over his child support obligations. Although he paid the full $150 filing fee for this action, (<u>see</u> 28 U.S.C. § 1914(a)), Plaintiff also has filed an "Application to Proceed Without Prepayment of Fees," (Docket No. 3), which is now before the Court.

FILED JAN 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Plaintiff apparently is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a), the statute which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor..." if the person seeking such authorization submits an affidavit showing that he or she "is unable to pay such fees...." However, Plaintiff obviously is able to pre-pay the fee required to commence this action, as he has, in fact, already done so. Therefore, the Court concludes that Plaintiff is not eligible for the fee waiver provision of § 1915(a).

Plaintiff may be seeking IFP status for the purpose of securing an order directing the U.S. Marshal to effect service of process in this case. 28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve all process, and perform all duties in such cases." However, the Court understands the phrase "in such cases" to mean those cases in which a fee waiver is granted pursuant to § 1915(a). Because this is not a case in which the filing fee will be waived pursuant to § 1915(a), the Court finds that Plaintiff is not eligible for marshal service pursuant to § 1915(d).

Furthermore, even if marshal service could properly be ordered under § 1915(d), despite Plaintiff's ability to pay the filing fee, Plaintiff has not demonstrated that such an order would be appropriate in this particular case. The cost of service of process should not be significant, especially if Plaintiff makes use of the service procedures provided by Fed.R.Civ.P. 4(d) and/or (i), which allow service on some defendants to be accomplished by mail. Moreover, while Plaintiff's IFP application shows that his current income is only about $500 per month, it also shows that he has personal assets of some undisclosed

value. (Plaintiff's IFP Application, [Docket No. 3], § 5.) Plaintiff has not explained why he should not be required to pay the minimal costs of service of process from his income and assets. In short, he has not shown that he cannot afford to make his own arrangements for service of process.

For the reasons noted above, Plaintiff's IFP application will be denied. This means that marshal service will not be ordered in this case, and that Plaintiff will have to make his own arrangements for obtaining summonses and effecting service of process in accordance with the requirements of Fed.R.Civ.P. 4.[1]

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 3), is **DENIED**.

Dated: January 12th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

[1] If Plaintiff finds that he is financially unable to effect service of process, he may re-apply for IFP status. If he does so, however, he will have to clearly demonstrate (a) why marshal service should be granted pursuant to § 1915(d) even though the filing fee will not be waived pursuant to § 1915(a), and (b) why he cannot afford to make his own arrangements for serving the Defendants.